IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00074-BNB

JOHN CARBONELL,

    Applicant,
v.

FRANCIS FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE

---

    Applicant, John Carbonell, is in the custody of the Colorado Department of Corrections. He is incarcerated currently at the Correctional Facility in Limon, Colorado. Mr. Carbonell has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal conviction in the District Court of Adams County, Colorado. He has paid the $5.00 filing fee.

    In an order entered January 23, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After obtaining an extension of time, Respondents submitted a pre-answer response on February 27, 2013. Applicant filed a reply on April 12, 2013.

    The Court must construe liberally the Application filed by Mr. Carbonell because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the

reasons stated below, the Application will be drawn to a district judge and to a magistrate judge.

## I. Background and State Court Proceedings

On April 21, 2000, Mr. Carbonell was convicted by a jury of the first degree murder of his wife in Adams County District Court Case No. 99CR1764. (ECF # 13-1, at 1). He was sentenced to a term of life in prison without parole. (ECF # 13-2, at 10).

The Colorado Court of Appeals affirmed Mr. Carbonell's conviction on direct appeal in *People v. Carbonell,* No. 00CA1258 (Colo. App. July 11, 2002) (unpublished decision). (ECF # 13-4). The United States Supreme Court denied Applicant's request for certiorari review on October 6, 2003. (ECF # 13-6).

Mr. Carbonell filed a motion for post-conviction relief in the state district court on April 16, 2003, which was pending for several years until the motion was denied on April 21, 2010. (ECF # 13-7). The Colorado Court of Appeals affirmed the trial court's order in *People v. Carbonell*, 10CA1144 (Colo. App. June 14, 2012). (ECF # 13-9). The Colorado Supreme Court denied Applicant's petition for certiorari review on November 27, 2012. (ECF # 13-1).

Mr. Carbonell initiated this action on January 14, 2013. He asserts the following claims in the Application:

> (1) Applicant was denied a fair trial by the trial court's failure to: (a) excuse a biased juror for cause, requiring Applicant to remove her by peremptory challenge; (b) individually (rather than only collectively) voir dire jurors who said they had only a vague recollection of publicity involving the victim's murder; and (c) inquire whether the jurors "should be disqualified as required by State law (depriving Mr. Carbonell of a substantive due process right)." (ECF # 1, at 5).
>
> (2) Applicant was denied a fair trial because there were references at trial to the fact that a witness (who testified that Applicant killed the victim) had

failed a polygraph after initially telling the police she had no knowledge of the murder. (*Id.* at 6).

(3) The trial court violated Applicant's Fourteenth Amendment right by admitting the testimony of lay witnesses who opined that Applicant committed the murder and should be punished for it. (*Id.*).

(4) The trial court violated Applicant's Fourteenth Amendment right by admitting transcripts of "child support hearings" containing irrelevant, unfounded, and prejudicial allegations against Applicant. (*Id.* at 7).

(5) Applicant was deprived of a fair trial by the cumulative prejudicial effect of trial errors. (*Id.*).

(6) Applicant received ineffective assistance of counsel, based on counsel's failure to: (a) follow up on an initial contact with an adverse trial witness, and therefore never further inquired whether she would submit to a defense interview; (b) present at trial the testimony of Barbara Johnson, who told a defense investigator that she would testify to facts amounting to an alibi; (c) discuss with Applicant the possibility of presenting an alternate suspect defense, depriving Applicant of the opportunity to decide what theory counsel would pursue at trial; (d) ask Applicant's former boss on direct examination whether Applicant "would have been aware" of a statute precluding him from collecting a life insurance payout on his wife if it was discovered that he had murdered her; (e) hire experts to evaluate: (1) whether the victim's blood, found in Applicant's and his wife's mattress, might have been menstrual blood, and, (2) whether Applicant's mental state at the time of the crime might have supported a second degree murder instruction or some other theory of defense; (f) request a curative instruction informing the jury that polygraphs are not reliable, and that the jurors should disregard any evidence concerning the previously mentioned polygraph; and, (g) "cumulative error deprived Mr. Carbonell of his Sixth Amendment right to effective assistance of counsel." (*Id.* at 7-8).

## II. Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (*See* ECF # 14-1, at 6-9).

## III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v.*

4

*Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).  A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### A.  Claims 1(a), 2, 3, 4, 6(a), 6(b), and 6(e)

Respondents concede, and Mr. Carbonell's opening briefs in the state court direct appeal and post conviction proceedings reflect, that Applicant presented claims 1(a), 2, 3, 4, 6(a), 6(b) and 6(e) to the Colorado Court of Appeals and the Colorado Supreme Court as federal constitutional claims. (*See* ECF ## 13-2, 13-5, 13-8, 13-10).  As such, the Court finds that Mr. Carbonell exhausted state court remedies for claims 1(a), 2, 3, 4, 6(a), 6(b) and 6(e).

### B.  Claims 1(b), 1(c), 5 and 6(d)

Respondents contend that Mr. Carbonell failed to exhaust available state remedies for claims 1(b), 1(c), 5 and 6(d) because he did not present those claims to the Colorado Supreme Court in a petition for certiorari review.

Applicant raised claims 1(b), 1(c) and 5 to the Colorado Court of Appeals in his opening brief on direct appeal. (ECF # 13-2). He presented claim six to the Colorado Court of Appeals in his opening brief in the state post-conviction proceeding. (ECF # 13-8). The Colorado Court of Appeals denied each claim on the merits. (ECF ## 13-4; 13-9).

The Court does not agree that Mr. Carbonell's failure to present claims 1(b), 1(c), 5 and 6(d) in a petition for certiorari review renders those claims unexhausted for purposes of federal habeas review. In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.  Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  Accordingly, the fact that Mr. Carbonell did not raise claims 1(b), 1(c), 5 and 6(d) in his petitions for certiorari review to the Colorado Supreme Court does not demonstrate that the claims are unexhausted.

Respondents next argue that, even assuming Colo.App. R. 51.1 eliminates the need to seek review in the Colorado Supreme Court in order to exhaust state remedies, the rule does not apply to Mr. Carbonell's direct appeal because his direct appeal ended prior to the enactment of Colo.App. R. 51.1. Respondents primarily rely on *Wenger v. Frank*, 266 F.3d 218 (3d Cir. 2001), to support their argument that Colo.App. R. 51.1 cannot be applied retroactively to Applicant's direct appeal.  In *Wenger*, the United States Court of Appeals for the Third Circuit concluded that a Pennsylvania Supreme Court rule eliminating the need to seek discretionary review in that court in order to exhaust state remedies was not retroactive.  *See id.* at 226. The Third Circuit based its conclusion on the prospective language of the Pennsylvania Supreme Court rule, a finding that the primary purpose of the Pennsylvania Supreme Court rule would not be

7

served by retroactive application, and the Third Circuit's view that whether a particular remedy was or was not available is a question of objective historical fact that cannot be retroactively altered. *See id.* at 225–26.

In contrast to *Wenger*, two other Circuit Courts have held that state rules in Tennessee and Missouri, which are similar to both the Pennsylvania rule at issue in *Wenger* and Colo.App. R. 51.1, do apply retroactively. *See Adams*, 330 F.3d at 405; *Randolph*, 276 F.3d at 404. In *Randolph*, the Eighth Circuit reasoned that the Missouri rule was retroactive because the rule purported to clarify existing law and not change the law. *See Randolph*, 276 F.3d at 404. In *Adams*, the Sixth Circuit similarly concluded that the Tennessee rule was retroactive because the rule merely clarified the existing law in Tennessee. *See Adams*, 330 F.3d at 405. Significantly in Adams, the Tennessee rule expressly provided that it was applicable "[i]n all appeals from criminal convictions or postconviction relief matters from and after July 1, 1967." *See id.* at 401. The Court finds that Colo.App. R. 51.1 is most like the Tennessee rule at issue in *Adams*. Like the Tennessee rule, the plain language of Colo.App. R. 51.1 expressly provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Therefore, the Court finds that Colo.App. R. 51.1 is merely a clarification of the existing law in Colorado and, as a result, the Court concludes that Colo.App. R. 51.1 is retroactive to Mr. Carbonell's direct appeal.

In sum, the Court finds that Applicant exhausted state remedies for claims 1(b), 1(c), 5 and 6(d) because he presented those claims to the Colorado Court of Appeals and the state appellate court denied relief.

**C.     Claims 6(c), 6(f) and 6(g)**

Respondents argue that Applicant did not exhaust his state court remedies for claims 6(c), 6(f) and 6(g).

Applicant concedes that he did not raise claim 6(f) in the Colorado Court of Appeals.  (*See* ECF # 17, at 7).

Mr. Carbonell argues in his Reply that he presented the substance of claim 6(c) to the Colorado Court of Appeals in his state post-conviction proceeding.  (ECF # 17, at 6).

In claim 6(c) of the Application, Mr. Carbonell asserts that:

> counsel failed to discuss with Mr. Carbonell the possibility of the use of an alternate suspect defense, as there was in fact an alternate suspect, i.e., a person who had been having an affair with the victim, or even the possibility of submitting jury instructions of a lesser offense such as second degree heat pf passion murder.  In otherwords [sic], counsel didn't discuss the case at all with Mr. Carbonell and allow him to make a viable choice from amongst the ready alternatives and to assess the best possible chance of success from amongst the available defenses . . . .

(ECF # 1, at 8).

In his opening brief to the Colorado Court of Appeals in the state post conviction proceeding, Applicant argued:

> . . . counsel did not investigate all defenses to the charges which could have resulted in a lesser included offense being sought, a separate offense less than first degree murder, or the potential for mitigating evidence such as heat of passion given Ms. Carbonell's affair with Scott Ince. Indeed, Scott Ince was also an alternate suspect, yet no testimony or evidence was presented to give the jury a reasonable doubt that Mr. Carbonell was not responsible for his wife's death.

(ECF # 13-8, at 18).

Respondents argue that the claim raised by Mr. Carbonell in his state post conviction proceeding was similar, but different from, the claim asserted in the

Application. The Court agrees. The presentation of a similar claim to the state court does not satisfy the exhaustion requirement. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (habeas petitioner does not exhaust state remedies for ineffective assistance of counsel claim where basis of claim presented to the state courts is different from basis of claim asserted in federal habeas petition); *Harless*, 459 U.S. at 6 (presentation of facts under different legal theory insufficient to exhaust).

With regard to claim 6(g), Mr. Carbonell also contends that he presented the substance of this claim to the Colorado Court of Appeals.

In claim 6(g) of the Application, Mr. Carbonell asserts that "cumulative error deprived Mr. Carbonell of his Sixth Amendment right to effective assistance of counsel." (ECF # 1, at 8). In his opening brief to the Colorado Court of Appeals in the state post conviction proceeding, Applicant argued several specific omissions by defense counsel which rendered counsel's performance inadequate, but Mr. Carbonell did not make a claim of cumulative error. (*See* ECF # 13-8, at 9-19). As such, the Court finds that Applicant failed to exhaust the substance of claim 6(g) in the state courts.

Respondents maintain Mr. Carbonell has committed an anticipatory procedural default of claims 6(c), 6(f) and 6(g), because if he attempted to raise the federal constitutional claims in the state trial court at this time, the claims would be dismissed on procedural grounds. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7.

The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Carbonell's claims. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (stating that the court shall deny any claim that

was raised or could have been raised in a prior appeal or post-conviction proceeding); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted). Colo. R. Crim. P. 35(c)(3)(VII) is an adequate state procedural ground for rejecting the claim. *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colorado's bar against successive claims); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished). Accordingly, the Court finds that Mr. Carbonell has procedurally defaulted claims 6(c), 6(f) and 6(g) pursuant to a state procedural rule.

Applicant argues that his procedural default should be excused pursuant to *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), because his court-appointed counsel was ineffective in the state post-conviction proceeding.

In *Martinez*, the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a post-conviction proceeding, then the absence of post-conviction counsel, or ineffective assistance of post-conviction counsel, can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel. 132 S.Ct. at 1318. The petitioner must also show that the underlying ineffective assistance of counsel claim is "substantial" – i.e., has "some merit." *Id.* The holding in *Martinez* recognized an exception to the general rule

announced in *Coleman* – that habeas petitioners have no constitutional right to post-conviction counsel in the first instance and so deficient performance by whatever counsel they may have ordinarily does not excuse procedural default. *Coleman*, 501 U.S. at 752-55; *see also Martinez*, 132 S. Ct. at 1315.

The rule of *Martinez* applies only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim. *Martinez*, 132 S.Ct. at 1320.

The Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994) (internal citations omitted); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal.")). "Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record." *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing *People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Apodaca*, 998 P.2d 25, 29 (Colo. App.1999) (citing *Thomas*); *People v. Price,* 240 P.3d 557, 565 (Colo. App. 2010) ("Only 'in rare instances' are ineffective assistance of counsel claims presented so that they 'need no further [factual] development prior to review on direct appeal.'") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)). Upon a careful review of Colorado case law, the Court finds that Colorado requires ineffective assistance of counsel claims to be raised in a post-conviction proceeding unless the claim can be resolved on the record.

Because it appears that not all of Mr. Carbonell's procedurally defaulted claims are amenable to resolution based solely on the state court record, the Court finds that *Martinez* is potentially applicable to excuse the default.

Respondents next argue that Mr. Carbonell cannot benefit from the *Martinez* decision because he did not first raise a claim challenging the effectiveness of post-conviction counsel in the state courts. (ECF # 14-1, at 25). The exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986); *see also Edwards v. Carpenter*, 529 U.S. 446, 451-51 (2000) ("We therefore require a prisoner to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim," citing *Coleman*, 501 U.S. at 750). The exhaustion rule articulated in *Coleman* and *Murray* is not dispositive here because a claim of ineffective assistance of post-conviction counsel does not implicate the Constitution. *See Coleman*, 501 U.S. at 752. Furthermore, the Supreme Court expressly stated that the holding in *Martinez* was an "equitable ruling," not a "constitutional ruling." *Martinez*, 132 S.Ct. at 1319. There is no language in the opinion to indicate that a habeas petitioner must exhaust state remedies for an equitable claim of ineffective assistance of post-conviction counsel before he can invoke counsel's inadequate performance as a basis to excuse his procedural default.[1]

---

[1] Indeed, the *Martinez* Court observed that:

> The holding here ought not to put a significant strain on state resources. When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review

Finally, Respondents argue that Mr. Carbonell's claims of ineffective assistance of post-conviction counsel are not substantial. *See Martinez*, 132 S. Ct. at 1318. The Court cannot resolve that issue at this time, without benefit of the complete state court record. Accordingly, the Court will defer ruling on whether Mr. Carbonell has demonstrated cause for his procedural default of claims 6(c), 6(f) and 6(g) pursuant to *Martinez v. Ryan*, pending the Court's review of the state court record.

Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.

DATED April 17, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

collateral proceeding did not perform below constitutional standards.

132 S.Ct. at 1319.